478 A.2d 894

**H. Lance MARTIN**

v.

**Carol Lee MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 1984.

Filed July 13, 1984.

Charles W. Watson, Pittsburgh, for appellant.

Stuart N. Hutchison, III, Connellsville, for appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

PER CURIAM:

In this appeal, the lower court through the Honorable Fred C. Adams, accurately sets forth the facts in his opinion of August 25, 1982:

A review of the record indicates the following procedural history of this case:

1. On February 20, 1981, H. Lance Martin, plaintiff [appellee] ... filed an action in divorce against Carol Lee Martin, defendant [appellant] ... under Section 201D of the Divorce Code.

2. Charles W. Watson entered his appearance for the defendant and accepted service of the complaint.

3. On September 30, 1981, Nancy A. Duffield, Esquire, was appointed Master. The Master filed her report on October 2, 1981, recommending a divorce.

4. The matter was remanded to the Master by order of Judge Franks of this Court to require the plaintiff to

file a waiver of the right to claim equitable distribution, alimony pendente lite, permanent alimony, or such other relief as allowed under the divorce law.

5. The plaintiff having failed to file a waiver in connection with the order of Judge Franks, Judge Adams on July 6, 1982 directed the plaintiff, within ten days of the date of service of the order, to make claim for such relief allowed under the divorce law or be forever barred from making such claim. The plaintiff then complied and filed a waiver of right to make any claim. This Court on July 22, 1982, entered the decree in divorce.

Lower ct. op. at 1–2.

A timely appeal followed. Appellant frames the issues on appeal as follows:

1. In a divorce action, is the entry of decree in divorce proper where the defendant has not received notice of the filing of the Master's Report and has not had an opportunity to file exceptions to the Master's Report as required by law?

2. Did the lower court abuse its discretion, act contrary to law and in an arbitrary and capricious manner in entering a decree in divorce where a party had no opportunity to file exceptions to the Master's Report?

Brief for Appellant at 6.

Judge Adams addresses the issues on appeal in his opinion:

The entry of the decree in divorce was premature. The Rules of Court require that the Master give notice of the filing of the Master's Report to all parties. Any party has a right to file exceptions to the report with ten days. If no exceptions are filed, the Court will review the report and enter an appropriate order. If exceptions are filed, these exceptions must be disposed of by the Court en banc before the entry of the decree in divorce, from which decree the parties could take an appeal.

Lower ct. op. at 2.

We agree. The lower court was unaware that notice had not been given to the parties of the filing of the Master's

Report. "This Court first learned of the procedural problem only after notice of the appeal to the Superior Court had been served." Lower ct. op. at 1. Under Rule 1701 of the Pennsylvania Rules of Appellate Procedure, "[A]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." The lower court recognized the error but its hands were tied. We remand this case to the lower court to allow appellant to file exceptions *nunc pro tunc* to the master's report. The entry of the decree in divorce on July 22, 1982 is hereby vacated. Jurisdiction is relinquished.